UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN WALTON                                                          PLAINTIFF

v.                                      CIVIL ACTION NO. 3:04CV818 DPJ-JCS

ALLIED ENTERPRISES                                                   DEFENDANT

ORDER

This disability discrimination case is before the Court on the motion of Defendant Ability Works, Inc., formerly known as Allied Enterprises, to dismiss Plaintiff John Walton's claim pursuant to the Eleventh Amendment to the Constitution.  In his Complaint, Plaintiff alleges that Defendant discriminated against him based on his disability by not providing training opportunities.  As relief, he seeks $750,000.  Plaintiff, proceeding *pro se*, has not responded in opposition to Defendant's motion.  Having considered Defendant's submissions and the applicable law, the Court finds that Defendant's motion should be granted.

Defendant moved to dismiss under Rule 12(b)(6) or alternatively for summary judgment. Rule 12(b) provides that if a 12(b)(6) motion is made, and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Because the Court has considered matters outside the pleadings, the motion will be decided under Rule 56.

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district

court of the basis for its motion and identifying those portions of the record in the case that it

believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323.  The

non-moving party must then go beyond the pleadings and designate "specific facts showing that

there is a genuine issue for trial." *Id*. at 324.

In reviewing the evidence, factual controversies are to be resolved in favor of the

nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."

*Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When such

contradictory facts exist, the court may "not make credibility determinations or weigh the

evidence." *Reeves v. Sanderson Plumbing Prods. Inc*., 530 U.S. 133, 150 (2000).

The issue before this Court is whether Ability Works is entitled to sovereign immunity.

The Eleventh Amendment "bars suits in federal court by citizens of a state against their own state

or a state agency or department." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th

Cir. 1991) (*quoting Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986)).

Plaintiff cannot avoid sovereign immunity by suing an "arm of the state." *Id.* at 147.  Finally, the

immunity extends to claims by private individuals for monetary damages under the Americans

with Disabilities Act (ADA).  *See Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 374

(2001); *Cooley v. Miss. Dept. of Transp*., 254 F.3d 70 (5th Cir. 2001) (table decision).

The question in this case is whether Ability Works is an arm of the state.  "A federal court

must examine the particular entity in question and its powers and characteristics as created by

state law to determine whether the suit is in reality a suit against the state itself." *Laje v. R.E.

Thomason Gen. Hosp.*, 665 F.2d 724, 727 (5th Cir. 1982).  In *Delahoussaye*, the Fifth Circuit

Court of Appeals reiterated six factors that "must be examined to determine whether an entity is an arm of the state . . . ."  937 F.2d at 147; *see also Richardson v. S. Univ.,* 118 F.3d 450, 452 (5th Cir. 1997).  The six factors are: (1) whether the state statutes and case law characterize the agency as an arm of the state; (2) the source of the funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to state-wide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.  *Delahoussaye,* 937 F.2d at 147.

In support of its motion, Defendant has submitted the affidavit of Gary Neely, Director of the Mississippi Department of Rehabilitation Services' Office of Vocational Rehabilitation. Having fully considered the affidavit, the Court finds that Ability Works satisfies the *Delahoussaye* factors and is an "arm of the state."[1]  Thus, the Court concludes that Ability Works is entitled to sovereign immunity.

IT IS HEREBY ORDERED that Defendant's motion to dismiss is granted.

**SO ORDERED AND ADJUDGED** this the 4th day of October, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Although the affidavit establishes the merit of Ability Works's motion, the Court also notes that Plaintiff failed to respond with "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324.